```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HARENDA L. SIRISENA,                                            :
                                                                :
                         Plaintiff,                             :
                                                                :           MEMORANDUM & ORDER
                                                                :             17-cv-7135 (DLI) (RML)
                 -against-                                      :
                                                                :
                                                                :
THE CITY UNIVERSITY OF NEW YORK and                             :
RUSSELL K. HOTZLER, as PRESIDENT OF                             :
NEW YORK CITY COLLEGE OF                                        :
TECHNOLOGY,                                                     :
                                                                :
                         Defendants.                            :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Harenda L. Sirisena ("Plaintiff" or "Sirisena") brings this action against The City University of New York ("CUNY") and its President, Russell K. Hotzler ("Hotzler"), alleging claims of employment discrimination and hostile work environment based on his race, national origin, and age. Before the Court is Defendants' Motion to Dismiss the complaint for lack of subject matter jurisdiction, as time barred, and for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' Motion is granted. Certain of Sirisena's claims are dismissed on sovereign immunity grounds. The remainder of this action is dismissed as untimely.

I.   BACKGROUND

The following facts are taken from Sirisena's Amended Complaint (Am. Compl., Docket Entry No. 13) and are accepted as true for the purposes of this motion. Sirisena is an Asian male born in Sri Lanka in 1945. (Am. Compl. ¶ 9.) He has been employed by CUNY since 1995. (*Id.* ¶ 12.) Notably, he worked as the Director of Bursar at one of CUNY's senior colleges, the New York City College of Technology ("NYCCT"), from July 1995 until March 2003. (*Id.* ¶¶ 12-13.)

Since 2003, he has worked for CUNY in various other roles that he considers "demeaning" given his training and experience. (*Id.* ¶ 22.) The Amended Complaint lists several changes in Sirisena's employment, both in job title and in job responsibilities, that he alleges were the product of discrimination on the basis of his age, national origin, and race. (*See*, *Id.* ¶¶ 22, 24.)

While bursar, Sirisena applied for and was denied a promotion three times: in 1998, 2001, and 2002. (*Id.* ¶¶ 16, 19.) He sought a change in the classification of his role to Higher Education Officer ("HEO"), which would have resulted in a pay raise. (*Id.* ¶ 16.) When Sirisena first requested this reclassification in 1998, all of the other CUNY senior college bursars were classified as HEOs. (*Id.* ¶ 17.) During this period, other similarly situated, non-Sri Lankan and younger business office personnel were granted the HEO classification. (*Id.* ¶ 20.)

In March 2003, Sirisena was replaced as bursar and reassigned to the NYCCT Business Office, which he describes as a "rubber room" because of the lack of responsibilities and fulfilling work he has been given. (*Id.* ¶ 24.) CUNY claimed that he was removed for cause, but never informed Sirisena of the cause. (*Id.* ¶ 25.) Sirisena's replacement as bursar was Frederick Love, an African-American male who was approximately 35 years old at the time. (*Id.* ¶ 27.) Sirisena asserts that Mr. Love was unqualified for the position, and later was awarded the HEO designation that Sirisena had been denied three times. (*Id.* ¶¶ 27-29.)

In May 2005, Sirisena was reassigned as the Associate Director of the Evening and Summer Office of NYCCT, which, according to Sirisena, is a substantial diminution in responsibilities from his prior position as bursar. (*Id.* ¶ 35.)

In June 2008, Sirisena again was reassigned to the NYCCT Business Office. (*Id.* ¶ 42.) In this position, he initially was responsible for third-party billing and payroll suspense clearance. (*Id.*) Sirisena alleges this position also was a "substantial diminution in title, responsibility and

authority" from his prior position as bursar, and he did not have enough work to occupy his time. (*Id.* ¶¶ 35, 42). It appears from the Amended Complaint that Sirisena remains employed full time in this position.

Since being reassigned, Sirisena underwent what he characterizes as a diminution of his duties that has eroded his prospects for raises and advancement and were demeaning given his skills and background. (*Id.*) In February 2013, Sirisena incurred a reduction in his duties when he lost access to payroll suspense clearance systems that he used to perform tasks in his position. (*Id.* ¶ 48.) Then, in May 2016, Sirisena suffered another temporary lack of access to CUNY's internal systems, although the Amended Complaint is unclear as to the function of the systems and their impact on Sirisena's job duties. (*Id.* ¶ 55.) Sirisena further alleges that at various times he was not given enough work to "occupy his time." (*Id.* ¶¶ 26, 36, 43, 50).

Sirisena alleges that at each instance of job reassignment or diminution of responsibility, such "disparate treatment" was not shown to other similarly situated, non-Sri Lankan or younger employees. (*Id.* ¶ 20, 21, 33, 34, 39, 40, 46, 47, 53, 54, 60, 61.)

On May 7, 2017, Sirisena filed a charge of discrimination against CUNY with the U.S. Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on race, national origin, and age. (*Id.* ¶ 3.) On September 28, 2017, the EEOC issued its Right to Sue Letter after determining it was "unable to conclude that the information obtained establishes violations of the statutes." (EEOC, Dismissal and Notice of Rights, Docket Entry No. 13-2.)

On December 7, 2017, Sirisena filed this lawsuit. (Compl., Docket Entry No. 1). On March 16, 2018, Sirisena filed his Amended Complaint. (Am. Compl., Docket Entry No. 13.) The Amended Complaint asserts against both Defendants: a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination on the basis of race and national origin (Count One);

a Title VII claim for hostile work environment (Count Two); and an age discrimination claim under the Age Discrimination in Employment Act of 1967 ("ADEA") (Count Three). (*Id.*) Sirisena seeks money damages from CUNY and an injunction against President Hotzler ordering him to reinstate Sirisena to his original position as bursar.

On April 16, 2018, Defendants filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' Motion, Docket Entry No. 21). They argue that: (1) the ADEA cause of action against CUNY is barred by the Eleventh Amendment; (2) Hotzler cannot be sued under either Title VII or the ADEA; (3) the Title VII and ADEA claims are time barred; and (4) the Amended Complaint fails to state a plausible claim of unlawful discrimination. Sirisena opposed the motion. (Pl.'s Opp'n, Docket Entry No. 23.) Defendants filed a reply in further support of their motion. (Defs.' Reply, Docket Entry No. 24.)

## II. DISCUSSION

### A. Legal Standards

Subject matter jurisdiction is a threshold issue. Thus, where a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the court must address the 12(b)(1) motion first. *Sherman v. Black*, 510 F. Supp.2d 193, 197 (E.D.N.Y. 2007) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)). It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quotation marks omitted).

The Court is mindful that "whether the claim of sovereign immunity [under the Eleventh Amendment] constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense" has not been answered definitively by the Supreme Court or the Second

4

Circuit. *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (leaving open whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction"); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 237-39 (2d Cir. 2006) (holding that the burden of proof for sovereign immunity rests on the party asserting it as is true of affirmative defenses generally)). However, the Supreme Court has discussed the Eleventh Amendment as a jurisdictional bar and has confirmed that a state's sovereign immunity conferred by it can be raised for the first time on appeal. *See*, *Woods*, 466 F.3d at 237-38 (collecting cases). Both holdings are in accord that the issue essentially is jurisdictional. *See*, *Id.* As the particular characterization of Eleventh Amendment immunity does not substantively impact this Court's analysis, it is assumed to be jurisdictional and is addressed as a threshold issue.

      **B.**      **Eleventh Amendment Sovereign Immunity**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015) (citing *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009)).

            1.      <u>The ADEA Claim Against CUNY Is Barred by the Eleventh Amendment</u>

The Eleventh Amendment bar "extends immunity not only to a state, but also to entities considered 'arms of the state.'" *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir.2001) (quoting *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 414 (2d Cir. 1999)). Consequently, "suits against

5

CUNY are equivalent to suits against the State of New York . . ." *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir. 2004); *See also*, *Sacay v. Research Found. of City Univ. of N.Y.*, 193 F. Supp.2d 611, 625 (E.D.N.Y. 2002) ("CUNY Senior Colleges are arms of the State for Eleventh Amendment purposes.").

Moreover, no waiver or congressional abrogation exists with respect to ADEA claims. *See*, *Kimmel v. Fla. Bd. of Regents*, 528 U.S. 62, 89 (2000); *See also*, *Barry v. City Univ. of N.Y.*, 2010 WL 1253928, at *5 (S.D.N.Y. Mar. 30, 2010) (dismissing ADEA claim against CUNY). However, Title VII abrogates the states' Eleventh Amendment immunity. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447–48, 456 (1976) (Section 5 of the Fourteenth Amendment authorizes Congress to abrogate States' sovereign immunity under Title VII); *Davis v. State Univ. of N.Y.*, 802 F.2d 638, 640 n. 1 (2d Cir.1986) ("a state and its agencies have been subject to suit under Title VII since 1972 and have no Eleventh Amendment immunity").

Accordingly, CUNY enjoys Eleventh Amendment immunity from Sirisena's ADEA claims, but not his Title VII claims. Sirisena does not oppose this argument. Sirisena's ADEA claim against CUNY is dismissed on sovereign immunity grounds.

2. *Ex Parte Young* Permits a Claim for Injunctive Relief Against Hotzler

Defendants also seek dismissal of Sirisena's Title VII and ADEA claims against Hotzler on sovereign immunity grounds. Neither Title VII nor the ADEA provides for personal capacity lawsuits against individuals, and the Eleventh Amendment bars money damages suits against Hotzler in his official capacity. *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000). To the extent that Sirisena alleges claims for money damages against Hotzler in his official capacity, those claims are dismissed. Notably, Sirisena has withdrawn his Title VII claims against Defendant Hotzler. (*See*, Pl.'s Opp'n., n.1.)

However, *Ex Parte Young* "held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Ex Parte Young*, 209 U.S. 123, 155–56 (1908)).

"In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 636 (2002) (internal quotation marks omitted).

Sirisena seeks an injunction reinstating him in his original position as bursar with his original responsibilities. In the Second Circuit, claims for reinstatement to previous employment satisfy the *Ex parte Young* exception to the Eleventh Amendment's sovereign immunity bar. *See*, *Dotson v. Griesa*, 398 F.3d 156, 178 (2d Cir. 2005) ("A court order of reinstatement, whether of government benefits or employment, is not barred by sovereign immunity."). Thus, *Ex parte Young* permits jurisdiction over Sirisena's ADEA claim insofar as he seeks a positive injunction placing him back into his job as bursar. Accordingly, Defendant's motion to dismiss Sirisena's ADEA claim for injunctive relief against Hotzler on sovereign immunity grounds is denied. However, Sirisena's claims against Hotzler are denied on other grounds discussed below.

### C. Sirisena's Claims Are Time Barred

Even though Sirisena's ADEA claim against Hotzler is not jurisdictionally barred by *Ex Parte Young*, it is still time barred, along with the remainder of his claims. Under Title VII and the ADEA, a New York plaintiff is required to file a charge of discrimination with the EEOC and receive a right to sue notice before bringing a Title VII claim in federal court. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d), 633(b). The administrative claim must be filed with the EEOC

7

or the state agency within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e–5(e); 29 U.S.C. § 626(d), 633(b); *Kassner v. 2d Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n.1 (2d Cir. 2000) ("To sustain a claim for unlawful discrimination under Title VII and/or the ADEA, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts.").

This statutory requirement effectively acts as a statute of limitations as Title VII and ADEA claims in federal court are barred by the failure to file a timely charge. *Cherry v. City of New York*, 381 F. Appx. 57, 58 (2d Cir. 2010) (stating timely filing of charge with EEOC and corresponding state agencies is "a condition precedent to the filing of an action in federal court pursuant to the [ADEA], the [ADA] or Title VII of the Civil Rights Act" and the "statute of limitations for filing a claim with the EEOC is 300 days" in New York). The statute of limitations for each discriminatory and retaliatory act begins to run when that act occurs. *See*, *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Sirisena alleges discrete employment decisions taken at distinct points in time: his March 2003 replacement as bursar, his May 2005 reassignment as Associate Director of the Evening and Summer Office of NYCCT, his June 2008 reassignment to the Business Office, and his two limitations of access to the school's internal systems. Sirisena's May 7, 2017 EEOC claim was not filed within 300 days of the most recent employment-related conduct—his alleged loss of access to internal information systems in May 2016. Accordingly, the action is untimely. *See*, *Cherry*, 381 F. App'x at 58 (action untimely when state complaint filed a year after discriminatory action).

Sirisena argues that the Court nonetheless should take into account the untimely employment actions under the "continuing violation doctrine" that provides "if a plaintiff has

8

experienced a continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Washington v. Cty. of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001)).

"It is well-established that the 'continuing violation' doctrine cannot save untimely claims for discrete discriminatory acts, even where those discrete acts are related to acts within the limitations period." *Bright v. Coca Cola Refreshements USA, Inc.*, 2014 WL 5587349, at *4 (E.D.N.Y. Nov. 3, 2014) (citing *Morgan*, 536 U.S. at 114). Similarly, a plaintiff cannot establish a continuing violation "merely because the claimant continues to feel the effects of a time-barred discriminatory act." *McFadden v. Kralik*, 2007 WL 924464, at *7 (S.D.N.Y. Mar. 28, 2007) (citing *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)). When evaluating discrimination claims under the continuing violation theory, the focus of the analysis is on the acts of the employer rather than the effect felt by the employee. *See*, *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 135 (2d Cir. 2003) (citing *Morgan*, 536 U.S. 101 (2002); *Corrado v. New York Unified Court Sys.*, 163 F. Supp.3d 1, 21 (E.D.N.Y. 2016). Finally, "the continuing violation doctrine is heavily disfavored in the Second Circuit and courts have been loath to apply it absent a showing of compelling circumstances." *Bright*, 2014 WL 5587349, at *4 (quoting *Trinidad v. New York City Dept. of Corr.*, 423 F. Supp.2d 151, 165 n.11 (S.D.N.Y. 2006) (quotations omitted)).

Sirisena may not use the continuing violation doctrine to save his untimely claims simply because he "continues to feel the effects" of the time barred employment decision. *McFadden*, 2007 WL 924464, at *7. The only timely allegation is that Sirisena did not find his job professionally fulfilling because of earlier employment actions. His artful characterization of

CUNY's conduct as a "continuing practice of banishment, humiliation, and deprivation of work," does not change the fact that the essence of these claims concerns discrete employment decisions made outside of the pertinent time period. (Am. Compl. ¶¶ 31). Sirisena's *remaining* in a less desired job differs from the employment decisions that placed him there. *See*, *Chandon v. Fernandez*, 454 U.S. 6, 8 (1981) ("[T]he proper focus is on the time of the *discriminatory* act, not the point at which the *consequences* of the act become painful").

Indeed, "denial of preferred job assignments" is a prototypical example of a discrete act that is not subject to the continuing violation doctrine. *Benson v. N. Shore–Long Island Jewish Health Sys.*, 482 F. Supp.2d 320, 329-30 (E.D.N.Y. 2007). Sirisena's emphasis on the effects of the discriminatory actions, and not the discrete actions themselves, is not the proper focus of the doctrine. The Court finds that the continuing violation doctrine does not apply and that Sirisena's claims are time barred.

### III. CONCLUSION

Sirisena's ADEA claim against CUNY is dismissed on sovereign immunity grounds. Dismissing the remainder of his claims as untimely, the Court does not address the Defendants' arguments under Federal Rule of Civil Procedure 12(b)(6). All causes of action against CUNY and Hotzler are time barred, and the action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2019

/s/
DORA L. IRIZARRY
Chief Judge